## CIRCUIT COURT OF HENRICO COUNTY

Miller

v.

Miller

December 9, 1986

Case No. 86C514

By JUDGE JAMES E. KULP

This matter came before the court on November 17, 1986, upon plaintiff's motion to Vacate Memorandum of Lis Pendens. Plaintiff's position is essentially that the parties separated in December 1984, that in July 1985 a Louisiana court entered a Bed and Board Decree, and that this particular real estate was purchased after the separation and should be considered separate property.

Section 20-107.3(A)(1) defines separate property as property acquired before the marriage, property acquired during marriage by bequest, divorce, etc. and property acquired during marriage in exchange for or from proceeds of sale of separate property. Section 20-106.3(A)(2) defines marital property as all property titled in the names of the parties and all property acquired by either party during the marriage which is not separate property.

Under the facts of this case the parties agree that a court in Louisiana granted defendant a Bed and Board Decree in July 1985. It is represented to the court by the plaintiff, and not contested by the defendant, that the property in question was purchased in October 1985, after the entry of the Bed and Board Decree. The Court assumes that the Louisiana Bed and Board Decree is similar to one obtainable in Virginia. This being so, § 20-116 provides that such decree shall operate upon property thereafter acquired as a decree for a divorce from the

bond of matrimony. See *Stewart v. Commonwealth*, 219 Va. 887 (1979).

The above discussion would seem to indicate that the property in question is not marital property, it having been acquired after the Bed and Board Decree. The difficulty presented, however, is that this court has been requested to order equitable distribution, and by filing the lis pendens the defendant is making a claim that the questioned property may be a part of the marital property subject to equitable distribution. Section 20-107.3(A)(2) gives rise to a presumption of marital property to any property acquired during the marriage before the last separation. Since the questioned property was not purchased before the last separation, no presumption arises that it is marital property. This does not mean, however, that defendant is precluded from showing that the subject property was purchased with funds which are a part of the marital property. To the extent that the funds used to purchase this property can be identified as having been acquired during the marriage, they are marital property and not plaintiff's separate property. *See Rexrode v. Rexrode*, 1 Va. App. 385 (1986).

The lis pendens does no more than serve notice that a person who purchases this property does so subject to a decree by the court. Since the court is not prepared to rule that the subject property is not marital property, it would be improper to remove the lis pendens. Accordingly, the court will deny plaintiff's Motion to Vacate Memorandum of Lis Pendens.